| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Accent Packaging, Inc., | § § § § | |
| Plaintiff, | | |
| versus | § § § § § § | Civil Action H-10-1362 |
| Leggett & Platt, Incorporated, | | |
| Defendant. | | |

## Opinion on Summary Judgment

1.     *Introduction.*

Accent Packaging, Inc., and Leggett & Platt, Inc., both manufacture machines used to tie wire around bundles. Accent says its patents are infringed. They are not.

2.     *Background.*

Since at least the 1930s, wire-tiers have performed four functions to bundle materials; they wrap, grip, knot, and cut.[1] A bale is first wrapped in wire that is held in place by a gripper. A knotter then secures the wires together by twisting it. A cutter separates the tied wire from the source spool, and the wire is ejected so the bale can be moved.

Accent and Leggett make machines that are different in two ways. First, Accent's machine uses four arms that are attached to a shaft – one arm connected to each a gripper, knotter, cutter, and cover. Leggett's machine uses two arms, with each performing a pair of the operations. Second, Accent's machine uses a mount that pivots through an arc of at least 90 degrees. Leggett's mount pivots no more than 68 degrees.

---

[1] U.S. Patent No. 1,868,141 col. 1, ll. 44-46 (filed June 25, 1930).

3.   *Accent's 877 Patent.*

Accent filed its patent application on April 14, 2004. It was rejected. Accent amended the claim to say "each of the operator bodies . . . [is coupled] with a respective one of said gripper, knotter, cutting element and cover . . ."[2] The amendments were accepted on May 20, 2008. Accent says that the language does not require *each* to mean *four*. Leggett says that *each* means *four*.

The word *each*, in this patent, refers to one of *four* arms. The specifications in the patent say that "a total of *four* operating arms are fixedly secured across the shaft . . ."[3] An ordinary reading of the language, therefore, assigns the machine's four arms a single function. Under Accent's interpretation, the word *each* would be given no limitation at all. It could refer to a machine with a single arm or to a machine with ten arms. Accent's interpretation is too broad and shallow.

Accent chose its language when it amended its application to narrow its scope. It did not mention two arms in its specifications for a simple reason: its machine required four arms. Leggett created a simpler machine that performs the same four functions with one-half the number of arms.

Simpler machines are useful because they reduce material costs, weigh less, and have fewer mechanical problems. Construing *each* to mean anything other than *four* would expand Accent patents to cover machines it did not disclose. Because Leggett's machine has two arms that operate differently from Accent's machine, it does not infringe the 877 patent.

4. *Accent's 992 Patent.*

Accent's 992 patent was issued on May 20, 2008.[4] Claim one covers "a mount permitting the cover to be pivoted . . . through a pivot arc of at least 90 degrees."[5] Leggett's mount, by contrast, can pivot through a pivot of only 68 degrees.

---

[2] U.S. Patent No. 7,373,877 col.10 ll.39-41 (filed May 20, 2008).

[3] 877 Patent, col. 6 ll.17-18.

[4] U.S. Patent No. 7,412,992 (filed Aug. 19, 2008).

[5] 992 Patent, col.10 ll.27-28.

Accent says Leggett's machine violates the patent because the cover mount is identical – or nearly identical – to Accent's mount. Leggett says it does not violate the patent because its machine does not pivot greater than 68 degrees.

Leggett's mount does not violate the 992 patent. Accent, it says, chose to require a pivot arc of at least 90 degrees. It invented the 90-degree pivot so its inside could be more easily maintained. Leggett, by contrast, does not need a pivot arc greater than 68 degrees because its machine is maintained differently; its inner-pieces are removed from the machine. Leggett does not violate the 922 patent because its mount does not pivot greater than 90 degrees.

Accent says the Leggett machine is "capable of" pivoting through an arc greater than 90 degrees but is prohibited from doing it by an easily removable "stop." Accent does not have a pivoting monopoly. Early wire-tier mounts were stopped from pivoting more than about seven degrees. Leggett's stop prohibits its mount from pivoting past 68 degrees. Accent's own design prohibits its mount from pivoting greater than 95 degrees. This too is a stop. Stops are everywhere; without them all mounts would pivot 360 degrees.

Leggett's mount was purposely designed to be different. Leggett, for better or worse, invented this machine with removable parts. Its removable parts need less than 68 degrees. The removable stop is simply a stop; the function of an arc in its machine is served by flipping less than 90 degrees.

Whether the removable parts make Leggett's wire-tier a superior product, Leggett's design creates a distinct product. Leggett's distinct product does not infringe on Accent's 922 patent.

5.   *Conclusion.*

Leggett does not infringe Accent's 877 and 922 patents. Accent will take nothing from Leggett.

Signed on June 30, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge